UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| ROBERT WARD, JUSTIN BAZZANO, and WALTER BOWMAN, | ) ) ) | |
| Plaintiffs, | ) ) | No. 1:12-cv-00012 |
| | ) | Judge Trauger |
| v. | ) ) | |
| CORRECTIONS CORPORATION OF AMERICA, et al., | ) ) ) | |
| Defendants. | ) ) | |

**M E M O R A N D U M**

Plaintiff Walter Bowman, proceeding *pro se* and *in forma pauperis*, is incarcerated at the West Tennessee State Prison in Henning, Tennessee.[1] He brings this action under 42 U.S.C. § 1983 against several named defendants and Corrections Corporation of America (CCA) claiming that these defendants violated his civil rights. (Docket Nos. 1 and 19). The plaintiff seeks a declaratory judgment, injunctive relief, and money damages. (Docket No. 1 at p. 5).

**I.  Prison Litigation Reform Act Standard**

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte*

---

[1]Some of the plaintiff's claims concern incidents that allegedly occurred during the plaintiff's previous confinement at the South Central Correctional Facility (SCCF) in Clifton, Tennessee.

1

dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

II.     **Section 1983 Standard**

To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

III.    **Analysis of Section 1983 Claims**

    A.      **Denial of access to the courts**

The plaintiff alleges that he and other inmates lack access to on-line legal research databases, assistance by trained personnel to help the inmates perform legal research, and adequate time to use the law library. (Docket No. 1 at p. 9).

The law is well settled that a prisoner has a First Amendment right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821-823 (1977). The right of access to the courts requires prison officials to ensure that inmates have access to the courts that is "adequate, effective and meaningful." *Id.* at 822. To ensure the meaningful exercise of this right, prison officials are under an affirmative obligation to provide inmates with access to an adequate law library, *Walker v. Mintzes*, 771 F.2d 920, 931 (6th Cir. 1985), or some alternative form of legal assistance, *Procunier v. Martinez*, 416 U.S. 396, 419 (1974)(overruled on other grounds by *Thornburgh v. Abbott*, 490

U.S. 401 (1989)). Meaningful access varies with the circumstances, and prison officials are accorded discretion in determining how that right is to be administered. *Bounds,* 430 U.S. at 830-31. However, it is not enough for plaintiff simply to claim that he was denied access to the courts, or that he did not have access to an adequate law library or to some alternate form of legal assistance. To state a claim on which relief may be granted, plaintiff must show that a defendant's conduct in some way prejudiced the filing or prosecution of a legal matter. *Walker*, 771 F.2d at 932; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

In this case, the plaintiff alleges that inmates' cases are held "at a stand still" due to the inadequate legal resources available to inmates (Docket No. 1 at p. 9) and that he has been allowed only to visit the law library once in two weeks (Docket No. 53 at p. 3). However, the plaintiff has not alleged that any defendant's conduct prejudiced his filing or prosecution of a legal matter. Indeed, despite the circumstances about which the plaintiff complains, he successfully has filed a complaint in this matter as well a number of other filings. As such, the plaintiff fails to state claims that are actionable under the First Amendment for the denial of access to the courts. Accordingly, those claims will be dismissed.

### B. Deprivation of property

Next, Plaintiff Bowman alleges that in June of 2011, while he was incarcerated at SCCF, several of his personal items "went missing," including all of his legal papers. (Docket No. 53 at pp. 2-3).

A negligent or unintentional deprivation of property is not actionable under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986). In cases involving an intentional deprivation of property, a plaintiff may not bring a Section 1983 suit claiming a denial of procedural due process

3

if adequate state remedies exist. *See Hudson v. Palmer*, 468 U.S. 517, 533-36 (1984)(extending *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981) to intentional property deprivations).

Here, the plaintiff does not allege that any specific defendant is responsible for the loss of his personal items. His allegations regarding the missing items therefore are insufficient to state a due process claim under Section 1983; therefore, this claim will be dismissed.

**C.     Retaliation**

Plaintiff Bowman next alleges that he reported various alleged abuses at SCCF, such as gang-related violence and that, in retaliation for his actions, the defendants "made intimidating threats" and placed the plaintiff in "lock down" or segregation. (Docket No. 1 at p. 6). He further contends that, during the segregation, he was not permitted to shower for seventy-two hours or enjoy any time outside of his cell during the weekend. (*Id.* at p. 7).

With regard to the plaintiffs' allegations of verbal threats, such threats standing alone are generally inadequate to state a constitutional claim. *See Chandler v. Dist. of Columbia Dep't of Corrs.*, 145 F.3d 1355, 1360-61 (D.C. Cir. 1998); *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992).

A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (*en banc*). To establish a *prima facie* case of retaliation within the context of § 1983, a plaintiff must prove that:   (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements (1) and (2), *i.e.*, that the adverse action was motivated at least in part by plaintiff's protected conduct. *Id.* at 394. In addition to

4

proving a retaliatory motive, the plaintiff must establish that the alleged discriminatory action was punitive in nature by showing other than *de minimis* harm resulting from it. *See Ingraham v. Wright*, 430 U.S. 651, 674 (1977); *Thaddeus-X*, 175 F.3d at 396.

Although the plaintiff states that he was not permitted to shower or exit his cell for seventy-two hours during the weekend segregation, he does not identify any harm, *de minimis* or otherwise, that resulted from the alleged retaliation by the defendants. Such short term denial of showers does not rise to the level of a constitutional violation. *See Siller v. Dean*, 205 F.3d 1341 (6th Cir. 2000)(denial of shower for six days is not actionable under § 1983)(citing *Walker v. Mintez*, 771 F.2d 920 (6th Cir. 1985)); *Walker*, 771 F.2d at 928 (prisoners are entitled to a constitutional minimum of one shower per week).

To determine whether segregation of an inmate from the general prison population involves the deprivation of a liberty interest protected by the due process clause, the court considers whether the segregation imposes an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life." *Jones v. Baker*, 155 F.3d 810, 811 (6th Cir. 1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 483 (1995)). Under various circumstances, the Sixth Circuit has repeatedly found that confinement to administrative segregation does not present an "atypical and significant" hardship implicating a protected liberty interest. *See Jones*, 155 F.3d at 812-23.

Notably, the plaintiff here concedes that the defendants placed him in segregation at least in part for his own safety, that is, to protect the plaintiff from gang-related threats. (Docket No. 1 at p. 6). The plaintiff's intimidation and retaliation claims against the defendants fail to state claims on which relief can be granted. Accordingly, those claims will be dismissed.

5

### D. Food complaints

The plaintiff further alleges that the inmates under the care of CCA are not provided with the same quality and quantity of food as the inmates under the care of the Tennessee Department of Corrections. For example, the plaintiff contends that CCA does not serve enough fruits and vegetables to inmates. (Docket No. 1 at p. 9).

Under the Eighth Amendment, state officials are only required to provide prisoners adequate food. *Farmer*, 511 U.S. at 832; *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). The Eighth Amendment also requires only that inmates be provided "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986)(quoting *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977))(footnotes omitted); *see also Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996)(holding that to comply with the Constitution, inmates must receive "reasonably adequate" food). "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Depriving an inmate of food, or serving him contaminated food, establishes grounds for a violation of the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S 337, 348 (1981).

Based on the allegations before the court, the plaintiff has not alleged facts that would support a deprivation of food or a persistent, uncivilized lack of food quality constituting cruel and unusual punishment in violation of the Eighth Amendment. As such, these allegations fails to state claims upon which relief can be granted; these Eighth Amendment claims therefore will be dismissed.

### E. Failure to protect

The plaintiff also alleges that, at the time he filed his complaint, there was rampant gang-related violence and wrongdoing occurring at SCCF. (Docket No. 1 at p. 2). He claims that, for a period of time while he was housed at SCCF, the defendants placed the plaintiff in segregation in order to protect the plaintiff from gang-related violence. (*Id.*) The plaintiff contends that the segregation deprived him of certain privileges and asked the court to force SCCF to protect its inmates from gang-related violence. However, since the filing of the plaintiff's complaint, he has been transferred to another facility.

Injunctive relief is an inappropriate form of relief for the plaintiff's claims of past violations. *Procter v. Applegate*, 661 F. Supp.2d 743, 755 (E.D. Mich. 2009). Since the plaintiff is no longer incarcerated at SCCF, his claims for injunctive relief based on the SCCF defendants' failure to protect are moot, s*ee Gibson v. City of Louisville Metro*, 2010 WL 1033072, at *2 (W.D. Ky. Mar. 18, 2010), and will be dismissed.

### F. Medical care

The plaintiff also claims that, while incarcerated at SCCF, he did not receive medical care for hepatitis C for a period of four months. (Docket No. 1 at p. 8). He alleges that defendant Nurse Practitioner "Jack" told the plaintiff that the facility "did not treat junkies for hepatitis." (*Id.*) The plaintiff additionally alleges that defendants employed by SCCF refused to administer medications to the plaintiff that had been prescribed to the plaintiff by a physician in another facility. (Attach. 3 to Docket No. 1; Docket No. 53 at p. 2). The plaintiff alleges that this failure to continue the plaintiff's prescription medications resulted in pain "for 23 or 24 days waiting for CCA S.C.C.F. Corporate to approve something." (Docket No. 53 at p. 2). As to his current incarceration, the

plaintiff alleges that he is not being provided with adequate medical treatment and access to medical care. (Docket No. 52-1 at p. 4).

Delays in providing medical care may give rise to a violation of a prisoner's rights under the Eighth Amendment. However, such delays do not rise to the level of a constitutional violation unless a plaintiff complains that he suffered a detrimental effect to his health as a consequence of the alleged delay. *Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005)(citing *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001)). Here, the plaintiff alleges that the delay in providing treatment for a previously-diagnosed chronic medical condition by CCA personnel at SCCF caused the plaintiff to suffer pain. Although it is unclear whether the plaintiff ultimately can prevail on this claim, the court finds that the plaintiff has sufficiently stated a claim upon which relief can be granted under the Eighth Amendment of the United States Constitution through 42 U.S.C. § 1983.

### VI.    Conclusion

For the reasons explained above, a number of the plaintiff's claims under Section 1983 will be dismissed. However, as to the plaintiff's Eighth Amendment claims pertaining to the denial or delay of medical treatment, the court finds that the plaintiff has stated a colorable claim. 28 U.S.C. § 1915A.

An appropriate Order will be entered.

_____
Aleta A. Trauger
United States District Judge