IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| WALTER BOWMAN | ) | |
| | ) | |
| v. | ) | NO. 1:12-0012 |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, et al. | ) | |

TO:  Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered April 18, 2012 (Docket Entry No. 55), the Court referred this action to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the Defendants' motion to dismiss (Docket Entry No. 126), to which the plaintiff has not responded.[1] For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

This action for relief under 42 U.S.C. § 1983 was filed pro se and in forma pauperis on July 8, 2011, by Walter Bowman, Justin Bazzano, and Robert Ward, who were inmates of the Tennessee Department of Correction ("TDOC") housed at the South Central Correctional Center ("SCCC) at the time the action was filed. By Order entered April 18, 2012 (Docket Entry No. 55), the Court dismissed the action as to Plaintiffs Bazzano and Ward because of their failure to comply

---

[1] By Order entered April 23, 2013 (Docket Entry No. 130), the Court notified the plaintiff of the motion and gave him a deadline of May 10, 2013, to respond.

with the orders of the Court and for lack of prosecution. The action proceeded on Plaintiff Bowman's claims that he was denied adequate medical treatment in violation of his Eighth Amendment rights, and process was served upon eight defendants: Corrections Corporation of America ("CCA"), Blair Leibach, Cherry Lindamood, Shane McClain, Clarence Potts, Angela Steadman, Jack Garrett, and Dr. William Stewart.[2] The Defendants filed answers to the Complaint, see Docket Entry Nos. 87 and 105, and a scheduling order (Docket Entry No. 118) was entered providing deadlines for pretrial activity in the action. By a notice filed October 15, 2012 (Docket Entry No. 94), the plaintiff provided a change of address indicating that he was no longer a TDOC inmate.

By Order entered January 3, 2013 (Docket Entry No. 115), the Court granted the plaintiff's request for an extension of time to respond to the Defendants' discovery requests and gave him a deadline of February 4, 2013, to serve responses to any of the Defendants' outstanding discovery requests. On February 11, 2013, the Defendants filed a motion (Docket Entry No. 121) to compel asserting that the plaintiff had not yet served his responses to their discovery requests, which they served upon the plaintiff on November 16, 2012. By Order entered March 7, 2013 (Docket Entry No. 122), the Court granted the motion and ordered the plaintiff to serve his response to the Defendants' request for the production of documents and any responsive documents upon the Defendants by March 25, 2013. In the Order, the plaintiff was specifically advised that his failure to comply with this Order could result in the imposition of sanctions against him, which may include a recommendation that this action be dismissed.

On April 3, 2013, the Defendants filed the pending motion to dismiss the action under Rule 37(b) of the Federal Rules of Civil Procedure because of the plaintiff's failure to comply with

---

[2] The plaintiff also listed Warden Dodd, c/o Brently, James Sodolski, and Ms. Wall as defendants in the style of the Complaint. Sodolski and Wall were implicitly dismissed from the action in the Order entered April 18, 2012 (Docket Entry No. 55). See Order entered September 5, 2012 (Docket Entry No. 85), at 2. The plaintiff did not return service packets for Warden Dodd or c/o Brently. Accordingly, the Court views the plaintiff as having abandoned any claims against these defendants.

the Court's Order that he respond to their discovery requests. By Order entered April 23, 2013 (Docket Entry No. 130), the Court gave the Plaintiff a deadline of May 10, 2013, to respond to the motion to dismiss. The plaintiff was once again advised that his failure to comply with the Court's Order may result in the imposition of sanctions against him.

On May 23, 2013, the Defendants filed with the Court a Notice stating that, as of May 23, 2013, the plaintiff had not complied with the Order of the Court and had not served upon them responses to their written discovery requests. See Docket Entry No. 133. The plaintiff has also not filed a response to the motion to dismiss.

## II. CONCLUSIONS

Rule 37(b) of the Federal Rule of Civil Procedure provides that the Court may make such orders "as are just" when a party fails to obey an order to provide discovery. Sanctions are set forth in Rule 37(b)(2), including, but not limited to:

. . .

> An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party;

Rule 37(b)(2)(c). The imposition of sanctions, or the type of sanctions imposed, is within the sound discretion of the Court based on the facts of each particular case. See National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976); Regional Refuse Sys. v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir. 1988).

It is also well settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash Railroad Co., 370 U.S. 626 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).

The plaintiff's conduct in this case warrants dismissal of the action under Rules 37(b) and 41(b). Despite an Order from the Court compelling him to provide responses to the Defendants' discovery requests by a date certain, the plaintiff has not responded to written discovery requests which were served upon him nearly seven months ago. The plaintiff has not provided any legitimate excuse for his failure to respond to the discovery requests. Furthermore, the plaintiff has ignored the Orders of the Court despite being warned of the consequences of failing to comply and has not responded in any manner to the pending motion to dismiss. Because of the plaintiff's dilatory conduct, this case has not progressed and the Defendants have been prejudiced by being unable to resolve the claims brought against them and by being required to expend funds because of the need to repeatedly address discovery issues caused by the plaintiff.

Although the Court recognizes the plaintiff's status as a pro se litigant, proceeding pro se does not relieve a litigant from the basic obligations required of all parties. The action should be dismissed with prejudice due to the plaintiff's willfulness and fault in failing to engage in discovery and in disregarding the Court's Orders. The plaintiff has exhibited an unwillingness to prosecute the action in the normal fashion. The plaintiff has not heeded the warnings of the Court concerning the consequences of his failure to comply with the directives of the Court. Dismissal with prejudice is appropriate in light of the plaintiff's actions, the hardship it would cause the Defendants to face the prospect of defending a future action based on allegations which they have attempted to defend against in this action, the impasse in discovery caused by the plaintiff's refusal to participate in discovery, and the needless expenditure of resources by both the Court and the Defendants caused by the plaintiff's conduct.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that the Defendants' motion (Docket Entry No. 126) to dismiss be GRANTED and this action be DISMISSED with prejudice.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge